ALMA S. NELSON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 21, 1917.

No. 20,541.

**Master and servant — contributory negligence — question for jury.**

1. In an action by a brakeman's mother against his employer, to recover for the care and for the loss of earnings of the son, occasioned by personal injuries to him, *held*, the question of contributory negligence was for the jury, and the issue of negligence on the part of defendant was not litigated on the trial, but was practically conceded.

**Trial — waiver of objection to charge.**

2. Where during the trial there was no controversy over the question of defendant's negligence, and in its charge the court instructed the jury, in effect, that there was no dispute but that defendant was negligent, and that defendant admitted that it was negligent, if defendant had any objection to the instruction as given, it should have called the court's attention to the particular part of the charge complained of. Not having done so the error was waived.

Action in the district court for Mower county by Alma S. Nelson to recover $2,500 for loss of earning power and services of her son Joel during his minority, and $300 for expenses and time spent in caring for her son, because of injuries received by him while in defendant's employ. The answer alleged a settlement by defendant for $7,000 in a prior action brought by his guardian ad litem. The case was tried before Kingsley, J., who at the close of the testimony denied defendant's motion for a directed

[1]Reported in 165 N. W. 866.

verdict, and a jury which returned a verdict for $704.50. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. W. Root, Nelson J. Wilcox* and *J. N. Nicholsen,* for appellant.

*Sasse & French,* for respondent.

QUINN, J.

Plaintiff brought this action to recover for the loss of earnings, and compensation for the care of her minor son, resulting from injuries which he sustained through the alleged negligence of the defendant while in its employ as a brakeman on a freight train at Fairmont, Minnesota. Plaintiff had a verdict. From an order denying its motion for judgment or a new trial, defendant appealed.

At Fairmont, the railroad track extends east and west. The platform is practically on a level with the top of the rails and comes to within about 2 feet of the south rail of the main track. A passing track from the east along the north side of the main track connects with the main track by a switch immediately opposite the depot.

On December 13, 1910, the plaintiff's son, Joel Nelson, then 17 years of age, was head brakeman on one of defendant's freight trains running east from Jackson, through Fairmont to Austin. This train was late, arriving shortly before the passenger train from the east, due at about 10 o'clock in the forenoon. The freight train was made up of about 25 cars, and, as it came into the station, ran past so that the caboose stopped several car lengths east of the depot. When the passenger train arrived from the east, it headed in on the passing track and came back onto the main track over the switch at the depot, stopping so that the baggage car stood with its front wheels on the main track and the rear wheels on the passing track, when the baggage was unloaded and piled onto trucks standing within a few inches of the north edge of the depot platform. Of this Joel had no notice, unless he saw the trucks while about to couple the engine to the caboose, as hereinafter referred to, which he might have had he looked that way. As the passenger went west the freight engine backed down over the passing track and onto the main track opposite the depot; then it pulled ahead and Joel coupled the engine onto the caboose. He then walked a short distance to the east, and as the engine

backed down with a number of freight cars Joel caught onto one of the grab irons on the side of the car, and with his feet in the stirrup and his face turned to the east rode on the car until he came in contact with the baggage truck and was brushed off and his arm run over, necessitating its amputation near the shoulder.

Defendant urges: (1) That Joel's injury was the result of contributory negligence on his part; (2) that there is no proof of negligence on the part of the defendant; (3) that the court erred in its instructions in taking the question of negligence on the part of the defendant from the jury.

The question of Joel's negligence is based upon the position he occupied in approaching the place where the truck was standing and in failing to turn and look to the west. His position was a usual one assumed by brakemen engaged in switching service, and unless he saw the truck or knew that it was so near the track as to be a source of danger, there would be nothing in the position he occupied which could be charged as negligence. He testified that he was required to watch to the east where the conductor was for signals. On the whole we think the question was for the jury.

As the passenger pulled out for the west, the truck with the baggage was left in such proximity to the track that a passing car would pass within a few inches of the same. Switching was being done in the yard. Defendant does not seem to have pressed the issue of its negligence on the trial, and whether the presence of the truck in close proximity to the railroad track was an act of negligence chargeable to defendant we do not determine, for we are clear that the issue, though raised by the answer, was waived by defendant. In its charge to the jury the court said:

"It isn't disputed by the defendant but what the defendant was negligent; that is to say, it was negligent for the defendant company to leave that truck in that particular spot in which it was left at the time in question; it was a dangerous place to leave it; it was dangerous because employees and men passing or repassing on cars or on the side of cars in switching operations were liable to be injured, if they came in contact with it; that made it a dangerous place and dangerous thing to leave there. Leaving that there in a dangerous position would be a negligent act on the part of the railroad company, whatever employee left it

there.    The railroad company admit that in substance; they say that while they left that truck there in a dangerous situation and while they were guilty of negligence in doing it, nevertheless the plaintiff ought not to recover because he himself did not exercise ordinary care in taking care of himself."

This charge completely eliminated the issue of negligence on the part of defendant, and we think that, under the circumstances, if defendant did not concede its negligence, counsel should have so informed the court by proper exception at the trial.    Not having done so, it should not now, for the first time, raise that question. ·

Affirmed.